The Court, after stating the motion for á new trial, and the grounds thereof, delivered the following opinion :
*168 This would certainly have been a good Cause oí challenge, if it had been discovered intime. It seems to be laid down in the books as a general rule, that whatever would be a good cause of challenge, if discovered iri time, will be cause for granting á new trial, if not discovered before verdict.
This court are áware there are exceptions to this rule; but they cannot suppose that an exception would be made to the general rule, in any cáse where the objection or cause of challenge is founded upon direct partiality ih the jurors,or any of them,as in the present case (a). It is true . the objection in this case was discovered before the verdict, but after the jyry retired to consider of their verdict. By our law, the jury, after retiring to consider of their verdict, is beyond the control of the parties.* Nor could the plaintiff have suffered a nonsuit, to have avoided the effect of partiality in the jury (b). There cannot, therefore, be any difference principle, between this case and the case where the objection is discovered after verdict.
judgment reversed, with costs; cr.lise remanded, and court below to grant plaintiff á new trial, on his paying the costs of the former trial.

6 Bac- . M (Gwil. ed„) ¿68, Salk. 645.

H) A«s of 1796-7, p.»5, trjl’ * Brad"

 This expreiJion mu ft be undcrftood (i beyond the control of cither party?*